IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ALAN JAMES SCALLY**, | Case No. 3:13-cv-01466-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

George J. Wall, Law Offices of George J. Wall, 1336 E. Burnside, Suite 130, Portland, OR 97214. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, District of Oregon, Ronald K. Silver, Assistant United States Attorney, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201; Courtney Garcia, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

　　Mr. Alan James Scally seeks judicial review of the final decision of the Commissioner of

the Social Security Administration ("Commissioner") denying his application for disability

insurance benefits and supplemental security income under Title II and XVI of the Social

Security Act. For the following reasons, the Commissioner's decision is affirmed.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A. The Application**

Mr. Scally was 57 years old when he filed for disability insurance benefits and supplemental security income on November 5, 2009, alleging and onset date of July 4, 2008. He alleged disability due to bipolar disorder, depression, and anxiety. The Commissioner denied the

claim initially and upon reconsideration; thereafter, Mr. Scally requested a hearing before an

Administrative Law Judge ("ALJ"). On October 4, 2011, Mr. Scally appeared and testified at a

hearing in front of an ALJ. On December 30, 2011, the ALJ issued an unfavorable decision,

finding that Mr. Scally failed to meet his burden of proving disability. The Appeals Counsel

denied Mr. Scally's request for review on July 2, 2013, making the ALJ's decision the final

decision of the Commissioner. Mr. Scally now seeks judicial review of that decision.

## B.  The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which . . . has lasted or

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C.

§ 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for

determining whether an applicant is disabled within the meaning of the Social Security Act."

*Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R.

§§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is

potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential

process asks the following series of questions:

1.    Is the claimant performing "substantial gainful activity?" 20 C.F.R.
§§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving
significant mental or physical duties done or intended to be done for pay
or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing
such work, she is not disabled within the meaning of the Act. 20 C.F.R.
§§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing
substantial gainful activity, the analysis proceeds to step two.

2.    Is the claimant's impairment "severe" under the Commissioner's
regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An
impairment or combination of impairments is "severe" if it significantly
limits the claimant's physical or mental ability to do basic work activities.
20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death,
this impairment must have lasted or be expected to last for a continuous

period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.   Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.   Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.   Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also*

*Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the

Commissioner must show that the claimant can perform other work that exists in significant

numbers in the national economy, "taking into consideration the claimant's residual functional

capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966

(describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

The ALJ applied the sequential process in his decision issued on December 20, 2011. At step one, the ALJ found that Mr. Scally had not engaged in substantial gainful activity after the date of his application, although he had engaged in work activity amounting to less than substantial gainful activity. At step two, the ALJ found that Mr. Scally suffered from the following severe impairments: bipolar disorder not otherwise specified, depressive disorder, personality disorder, and chondromalacia of the patella (knee). At step three, the ALJ found that Mr. Scally did not have an impairment of combination of impairments that met or equaled the requirements of a listed impairment.

The ALJ then determined that Mr. Scally has the residual functioning capacity ("RFC") to perform light work, with occasional lifting of 20 pounds and frequent lifting of 10 pounds. The ALJ restricted Plaintiff to standing and walking two hours at a time for a total of up to four hours in a workday, and to sitting for two-hour increments for up to eight hours in a work day. The ALJ further restricted Mr. Scally to only occasional kneeling, crouching, and crawling. Mr. Scally was also limited to limited public contact—specifically no direct person-to-person contact, but telephone contact was permitted. Finally, the ALJ limited Mr. Scally to only superficial contact with coworkers. In reaching this conclusion, the ALJ considered Mr. Scally's symptom testimony to the extent the symptoms could reasonably be accepted as consistent with

the objective medical evidence and other record evidence.[1] The ALJ also considered the opinion

evidence of Mr. Scally's treatment providers, consultative evaluators and State agency

consultants.

At step four, the ALJ heard testimony from a vocation expert ("VE"), who testified that

an individual with like characteristics and impairments of the claimant could perform his past

relevant work as a telephone solicitor and legal transcriptionist, both of which are sedentary

positions. Because the ALJ determined that Mr. Scally was not disabled at step four, the ALJ did

not continue to step five.

## DISCUSSION

Mr. Scally argues that the ALJ erred by rejecting the opinions of Dr. Houle, Dr. Fishman,

and Dr. Linn. The Commissioner responds that the ALJ's applied the correct legal standards and

the record contained substantial evidence in support of the decision that Mr. Scally was not

disabled within the meaning of the Social Security Act. The Court addresses each of Mr. Scally's

arguments in turn.

### A. Treating Physician Richard Houle, MD

Plaintiff argues that the ALJ improperly rejected the opinion of treating physician

Dr. Richard Houle, MD. Dr. Houle opined that Mr. Scally could only bend and squat

occasionally. Plaintiff contends that because the ALJ specifically gave weight to the opinion of

Dr. Houle and did not give specific and legitimate reasons for rejecting the bending and squatting

limitation, the ALJ erred in failing to incorporate the limitation into the RFC.

---

[1] The ALJ found Mr. Scally to be not credible due to evidence from the medical sources that Mr. Scally was malingering and exaggerating symptom testimony. Because Mr. Scally did challenge the ALJ's credibility finding, the Court does not address this issue.

When a "treating doctor's opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted). In this instance, however, the ALJ did not reject Dr. Houle's opinion regarding the occasional limitation for bending and squatting. Rather, the ALJ incorporated this limitation in the RFC, by limiting Mr. Scally to only occasional keeling, crouching, and crawling. The ALJ is not required to use the exact words of a medical source when incorporating limitations into the RFC. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010) (holding that an RFC that limited the claimant to "no public contact" and work "where it is recognized that he works best alone" adequately incorporated a medical source's opinion that the claimant had "marked limitations in social functioning" (quotation marks omitted)). Therefore, the ALJ did not reject Dr. Houle's opinion.

Even if the ALJ had rejected Dr. Houle's limitation regarding bending and squatting, the mistake would be harmless error. At step four of the ALJ's opinion, the ALJ found that Mr. Scally could do the past relevant work of telephone solicitor and legal transcriptionist. Both of these positions are sedentary, and therefore, require no bending or squatting. *See* Departmetn of Labor, *Dictionary of Occupational Titles* ("DOT"), Telephone Solicitor, DOT 299.357-014, *available at* 1991 WL 672624 (noting balancing, stooping, crouching, crawling, kneeling, and climbing are not required); DOT, Transcribing-Machine Operator, DOT 203.582-058, *available at* 1991 WL 671701 (same). Because Mr. Scally's past relevant work is sedentary and does not require any bending or squatting, even if the ALJ had improperly rejected the opinion of Dr. Houle it would have been "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citation and quotation marks omitted).

The Court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. Therefore, the Court upholds the ALJ's determination regarding Dr. Houle.

**B.  Examining Psychologist Linda M. Fishman, Ph.D**

Plaintiff argues that the ALJ improperly rejected the opinion of examining psychologist Dr. Linda M. Fishman, Ph.D. Dr. Fishman opined that Mr. Scally would have a "likelihood of conflicts with supervisors, coworkers and customers," and that his "poor decision making and irrational thought processes would . . . interfere with [his] ability to behave appropriately in interactions with supervisors, co-workers or customers." Additionally, on a check box "Mental Residual Functional Capacity Assessment" form attached to Dr. Fishman's evaluation, Dr. Fishman marked the box for a severe impairment in Mr. Scally's ability "to sustain an ordinary routine without special supervision," "to work in coordination with or proximity to others without being distracted," "to complete a normal workday and work week without interruptions from psychologically based symptoms," "to interact appropriately with the general public or customers," and "to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness."

The ALJ gave Dr. Fishman's opinion limited weight for three reasons. First, the ALJ concluded that Dr. Fishman's opinions were "inconsistent and without support from the rest of the record of evidence," including the opinions of evaluator's before Mr. Scally's alleged onset date "who generally reported he is intelligent and if he maintained sobriety for an extended time, he would be able to work, except with children." Second, the ALJ noted that Dr. Fishman reported that Mr. Scally had been sober since 2006 and participating in "psychotherapy and continued use of medications" for several years, when Mr. Scally was actually only sober starting in 2009 and was actually only participating in regular mental health treatment starting in 2010. And third, the ALJ found that Dr. Fishman concluded that Mr. Scally's legal history was a

significant barrier to employment, "but fail[ed] to explain how significant this factor is in relation to barriers caused by impairments."

The "ALJ may reject the testimony of an examining, but non-treating physician, in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995). The Court reviews each of the ALJ's three reasons for rejecting Dr. Fishman's opinion in turn.

First, the ALJ asserted that Dr. Fishman's opinion was inconsistent with, and unsupported by, the record. The ALJ cites two medical opinions from before Mr. Scally's alleged onset date. The first was an evaluation from Dr. Jane Starbird, Ph.D, who discussed Mr. Scally's alcohol use and history with depression, but concluded that "despite the fact that he has had significant problems with depression, he seems to have been able to use his resources well enough to be able to be employed, if sporadically." The second was an evaluation by Dr. M. John Givi, Ph.D, Psy.D, who opined that Mr. Scally "would be able to work in a structured setting or in a more flexible setting if he were clean and sober for an extended time." Although these two evaluations were from several years before the alleged onset date, the ALJ also cites in her opinion the evaluation completed by Dr. James Bryan, Ph.D, who evaluated Mr. Scally in 2010. Dr. Linn concluded that "it is highly likely that Alcohol Dependence has repeatedly contributed to social and employment complications" and that "with alcohol abstinence and follow-through with a structured relapse prevention plan, it is expected that other stresses and conflicts would be alleviated." This record evidence cited by the ALJ provides substantial support for the ALJ's "specific, legitimate reason" for rejecting Dr. Fishman's opinion as conflicting with the record evidence.

The ALJ's second reason for rejecting Dr. Fishman's opinion was that Dr. Fishman reported that Mr. Scally had been sober since 2006, when he had actually only been sober since 2009, and that Dr. Fishman reported that Mr. Scally had been participating in "psychotherapy and continued use of medications" for several years, when he had actually only been participating in regular and consistent mental health treatment for one year. This misinformation included in Dr. Fishman's report is a specific and legitimate reason for giving Dr. Fishman's opinion little weight because the amount of time that Mr. Scally had been sober and in treatment could easily affect Dr. Fishman's opinion of how much alcoholism and untreated mental health conditions contributed to Mr. Scally's problems sustaining employment. Moreover, Mr. Scally's timeline regarding his treatment and sobriety is well document in the record.

The ALJ's third reason for rejecting Dr. Fishman's opinion was that she failed to explain how significant Mr. Scally's criminal record was in his ability to find work. Because Dr. Fishman's opinion was primarily based on Mr. Scally's inability to appropriately interact with coworkers and supervisors, the Court finds that the ALJ's third reason is not a specific and legitimate reason for rejecting Dr. Fishman's opinion. Because the ALJ's first two reasons for rejecting this testimony are specific, legitimate, and based on substantial evidence in the record, however, the Court upholds the ALJ's finding giving little weight to Dr. Fishman's opinion.

## C.  Examining Psychologist Keith Linn, Psy.D

Plaintiff's third argument is that the ALJ improperly rejected the opinion of examining psychologist Dr. Keith Linn, Psy.D. Dr. Linn opined that Mr. Scally should have no unsupervised contact with minors. Plaintiff argues that the ALJ did not adequately incorporate this limitation into the RFC.

Although the RFC does not include a limitation regarding contact with minors, the ALJ's hypothetical explicitly included a restriction on contact with minors. In the hypothetical, in

PAGE 10 – OPINION AND ORDER

additional to the hypothetical RFC, the ALJ said "the person should have no contact with children or with people under the age of 18." In response to this hypothetical, the VE stated that the hypothetical person "could perform telephone solicitor, and legal transcriber." Because the VE testified that Mr. Scally could perform the same past relevant work of telephone solicitor and legal transcriber when limited to no contact with minors under the age of 18, any error that the ALJ made in failing to include this limitation in the RFC is harmless. *Molina*, 674 F.3d at 1115. The Court upholds the ALJ's decision regarding Dr. Linn.

## CONCLUSION

The Commissioner's decision that Mr. Scally was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 18th day of August, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge